## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

In Re: Robert Leonard Oliver, Jr.,
Debtor,                                           CASE NO. 22-10241-DF

**CHAPTER 13**

**JPMorgan Chase Bank, N.A.,**
**successor by merger to Chase Home Finance LLC,**
vs.
**Robert Leonard Oliver, Jr.**

### MOTION TO AMEND

**NOW** comes the Debtor in the above-entitled matter, before this Honorable Court and moves that the Order of this Court (No. 41) be amended.

In support of said prayer for relief, the Debtor states as follows:

1. The Debtor's Chapter 13 plan was confirmed on August 5, 2022.

2. **JPMorgan Chase Bank, N.A. ("Chase"),** is the holder of the Debtor's first Mortgage on his principal residence.

3. The Debtor filed for Bankruptcy Relief in 2022 because he fell on difficult financial times which resulted in his becoming delinquent on his mortgage payments.

4. Chase filed a Motion for Relief from Stay after the Debtor's Plan was confirmed.

5. Said filing resulted in the Debtor learning that his significant other had been taking his money for her own purposes, and, unbeknownst to the Debtor was not paying his mortgage payments as he understood she was. The Debtor had unfortunately enlisted this person's help so he would adhere to a monthly budget and not get in financial difficulties again.

6. A Stipulation between the parties set out that the Debtor owed $3,266.01 in post-petition payments of principal and interest, excluding attorney's fees and costs.

7. Said stipulation was submitted and Entered as an Order on November 8, 2022.

8. Pursuant to the terms of said Order, Chase sent a "Notice of Default" on February 6, 2023 stating that the Debtor had not paid any of the stipulated monthly payments.

9. Debtor's counsel contacted the Debtor for confirmation and was told that he was current.

10. Debtor related that he paid CHASE from his bank account, per wire, and was never told that any of his scheduled payments were returned for insufficient funds.

11. After the Debtor first learned of his significant other's indiscretion in September 2022, he changed his bank account and PIN number to avoid any further issues.

12. The Debtor upon learning of the current subject default learned that his significant other had somehow acquired his new PIN number to his account and was once again utilizing his ATM card and withdrawing monies without his knowledge or authorization for herself.

13. While the Debtor has now known about this embezzlement since February 6, 2023, he has been trying to get the significant other to replenish his bank account in exchange for not bringing criminal charges.

14. Debtor believes that the significant other has made "good faith" attempts to obtain new monies but that she requires more time.

15. Debtor has attempted since learning of the default to sell the significant other's automobile to acquire necessary funds, but requires additional time.

16. Debtor suggests that the aforementioned circumstances support his request that the subject Order be modified to allow him additional time to satisfy the defaulting arrearage.

17. The principal residence is absolutely necessary for the Debtor's successful reorganization.

18. The Movant is adequately protected by the position of its lien and the current value of the principal residence. The Movant has not provided a property appraisal disputing this averment.

**WHEREFORE,** the Debtor prays that this Honorable Court will allow the Debtor additional time to cure the Default and any other relief that this Court deems meet and just.

> **ROBERT OLIVER, Jr.**
> By his attorney,
> /s/ Jack D. Pitts
> Jack D. Pitts, Esq. #3397
> Attorney At Law
> 635 Killingly Street
> Johnston, Rhode Island 02919
> (401) 453-2800

February 17, 2023

**NOTICE**

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on February 17, 2023, a true and accurate copy of the Debtor's Objection, was served:

electronically, to:
Joseph Dolben on behalf of Creditor JPMorgan Chase Bank, National Association
jdolben@harmonlaw.com, jdolben@ecf.courtdrive.com

Gary L. Donahue
ustpregion01.pr.ecf@usdoj.gov

Charles A. Pisaturo, Jr.
mail@13ritrustee.com, RI10@ecfcbis.com;adias@pisaturolaw.com

Jack D. Pitts on behalf of Debtor Robert Leonard Oliver, Jr.
pittsburnslaw@gmail.com, pitts.jackb107393@notify.bestcase.com
and all the following creditors, by US Mail, postage prepaid:
NONE

                                        /s/ Jack D. Pitts
                                        Jack D. Pitts, Esq., #3397